UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| QUINCY DEE JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:15-CR-25; 2:16-CV-335 |
| | ) | *Judge Jordan* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM OPINION</u>

Before the Court are Petitioner Quincy Dee James's pro se motion to vacate, set aside or

correct sentence pursuant to 28 U.S.C. § 2255, and the United States' response in opposition [Docs.

1, 4].[1] Also pending before the Court are Petitioner's motions to supplement the record [Doc. 2]

and for leave to supplement/amend claim three [Doc. 5], and the United States' response in

opposition to Petitioner's latter motion [Doc. 7]. For the reasons that follow, the Court will **DENY**

Petitioner's motions to supplement the record [Doc. 2] and for leave to supplement/amend [Doc.

5] and also will **DENY** and **DISMISS** his § 2255 motion [Doc. 1].

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

On April 14, 2015, a grand jury issued a four-count indictment charging Petitioner with

three counts of distribution of a quantity of cocaine, each in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(C) (Counts 1, 2, and 3), and one count of possession with intent to distribute 28

grams or more of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)  (Count 4)

---

[1] Unless otherwise indicated, document references in this Opinion are to Case No. 2:16-CV-335.

[Doc. 1, Case No. 2:15-CR-25]. The parties entered into a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,[2] in which Petitioner agreed to plead guilty to Count 4; the United States agreed to move to dismiss the remaining counts at sentencing, and the parties agreed to a 180-month sentence [Doc. 10, Case No. 2:15-CR-25].

The Court draws the facts from those to which Petitioner stipulated, as contained in the factual basis in the plea agreement [*Id.* ¶4]—facts that were repeated in his Revised Presentence Investigation Report ("PSR") [Doc. 22 (sealed), Case No. 2:15-CR-25]. From February to August of 2014, law enforcement officials, using confidential sources and audio-recorded conversations, conducted undercover drug operations in Sullivan County, Tennessee. Over that six-month period, Petitioner and confidential sources engaged in two crack-cocaine transactions— one in February of 2014, and one in early August, 2014. In October, 2014, officers obtained and executed a search warrant for a local residence.

During the execution of the search warrant, officers found at the residence 89.99 grams of crack cocaine in the hallway bathroom toilet and several glass measuring cups that, according to field tests, were positive for cocaine residue. Petitioner and a Jasmine Carr were present at the residence during the search. Ms. Carr told officers (and provided a written statement in accordance with her oral recitation) that Petitioner had been selling cocaine to several individuals. Ms. Carr also disclosed that Petitioner had told her that the police were coming, had scooped up a lot of crack cocaine lying near the kitchen sink, and had run to the hallway bathroom. (The drugs were recovered before they could be flushed down the toilet.)

---

[2] A Rule 11(c)(1)(C) plea agreement allows the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and also "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1769 (2018) (quoting Rule 11(c)(1)(C)).

The controlled substance offense to which Petitioner agreed to plead guilty involved at least 112 grams but less than 196 grams of crack cocaine. Petitioner stipulated that he had incurred two prior felony drug convictions in the Sullivan County, Tennessee Criminal Court before he committed his federal offense—one on July 16, 2008, for possession of .5 grams or more of cocaine for resale, and one on September 12, 2008, for possession of .5 grams or more of cocaine within 1,000 feet of a school zone, with the intent to deliver.

After Petitioner pled guilty, a probation officer prepared Petitioner's PSR. The probation officer determined that Petitioner's base offense level for the stipulated quantity of crack cocaine was 26 [Doc. 22 at ¶ 25]. However, given Petitioner's two prior felony offenses for a controlled substance offense (per his stipulation), the probation officer found that Petitioner met the criteria for career offender status and that his resulting adjusted offense level was 34 [*Id.* at ¶ 31]. Petitioner received a total three-point reduction for acceptance of responsibility, which lowered his total offense level to 31 [*Id.* at ¶ 34]. Petitioner's criminal history category was VI, due to the career offender designation [*Id.* at ¶ 55]. Based on Petitioner's total offense level of 31 and his criminal history category of VI, his resulting Guidelines range was 188 to 235 months' imprisonment [*Id.* at ¶82]. The probation officer recognized that, if the Court accepted the terms of Petitioner's Rule 11(c)(1)(C) plea agreement, his guidelines sentence would be 180 months [*Id.* at 83].

On October 20, 2015, Petitioner was sentenced, pursuant to the Rule 11(c)(1)(C) plea agreement, to the negotiated sentence of 180 months' imprisonment [Doc. 23, Minutes, Case No. 2:15-CR-25]. Judgment entered the next day [Doc. 24, Judgment]. Petitioner did not appeal, though he had 14 days to do so, *see* Fed. R. App. P. 4(b)(A), but instead filed this motion to vacate

on October 28, 2016,[3] alleging that, in four instances, his attorney gave him ineffective assistance [Doc. 1].

## II.    PETITIONER'S MOTION TO SUPPLEMENT THE RECORD

As noted, Petitioner filed his barebones § 2255 motion on October 28, 2016, alleging claims of ineffective assistance [Doc. 1 at 4-8].  Although the motion is sparse in details, it does set forth the grounds upon which relief is requested (ineffective assistance of counsel).  Petitioner's motion to supplement the record [Doc. 2], filed contemporaneously with his § 2255 motion, is different.

Petitioner explains, in the motion to supplement, that he would like to file a memorandum of law in support of his § 2255 motion "in the very near future" and that he will make no attempt to assert additional claims [Doc. 2].  Petitioner's motion is open-ended as to time because he does not specify the date or the approximate period "in the very near future" that he intends to file the memorandum of law.  Nor does Petitioner offer the grounds or supporting arguments he will include in his proposed memorandum of law, though he does pledge that he "will not attempt to submit additional claims [*Id.*].

A motion must "state with particularity the grounds" for the motion, Fed. R. Civ. P. 7(b)(1)(b), and Petitioner's skeletal motion to supplement the record does not comply with that procedural requirement.  Accordingly, Petitioner's motion for leave to supplement the record [Doc. 2] will be **DENIED**.

## III.    PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT/AMEND

Petitioner's motion to supplement/amend [Doc. 5] was filed on April 3, 2017, just shy of five months past the lapse of the limitations statute in § 2255(f)(1).  The motion asserts a new

---

[3] As explained later in this Opinion, Petitioner's limitation statute was set to expire on November 5, 2016, meaning that his § 2255 motion was filed with only eight days remaining on § 2255(f)(1)'s 1-year period.

attorney error, in that it maintains that counsel was ineffective for failing to argue that his prior conviction was not a "controlled substance offense" as that term is used in the career offender guideline [*Id.* at 3]. At the outset, the Court must determine whether Petitioner's motion is a supplemental pleading, *see* Fed.R.Civ.P. 15(d), or an amendment, *see* Fed.R.Civ.P. 15(a), since he has styled it as both [Doc. 5].

### A.     Motion to Supplement

A supplement, under Rule 15(d), involves "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* The proposed supplement does not refer to any transaction, occurrence, or event subsequent to the filing of Petitioner's § 2255 motion. Instead, the allegations offered in the supplement are connected to Petitioner's criminal proceedings, specifically to his career offender designation in his PSR. The only offerings in the supplement that post-date the § 2255 motion are court decisions, such as *Beckles*, 137 S. Ct. 886 (2017), *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016) [Doc. 5 at 3-5]. The question then becomes whether judicial decisions qualify as "transactions, occurrences, or events."

The Sixth Circuit has supplied the answer:

> The question in this case is whether intervening judicial decisions are the sort of "occurrences or event" to which Rule 15(d) refers. We think not. The purposes to which the rule is typically put support the conclusion that the appropriate bases for supplemental pleadings are new facts bearing on the relationship between the parties, rather than merely changes in law governing those facts.

*Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007) (quoting *United States v. Hicks*, 283 F.3d 380, 385–86 (D.C.Cir. 2002)).

Petitioner is asserting a new claim for relief in his motion to supplement. Hence, Petitioner is not seeking to supplement his timely-filed § 2255 motion with post-filing facts, but instead to

amend his § 2255 motion. The Court therefore finds that Petitioner's motion is not a true Rule

15(d) motion to supplement his collateral review petition, but instead is a motion to amend under

Rule 15(a). *Id.* at 386 (instructing that "[a] Rule 15(a) motion for leave to amend the complaint,

not a Rule 15(d) motion to supplement the pleading, is the appropriate mechanism through which

a party may assert additional claims for relief").

### B. Motion to Amend

A federal prisoner has one year in which to file a § 2255 motion, including any amendments

to the motion. *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing to 28 U.S.C. § 2255, ¶ 6 (now §

2255(f)) as providing a "one-year limitation period in which to file a motion to vacate a federal

conviction"); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Any attempt to raise

a new claim for relief in a Rule 15 motion to amend pleadings is subject to AEDPA's one-year

statute of limitations."). The one-year period commences on one of four triggering dates. 28

U.S.C. § 2255(f)(1)-(4). One and possibly two of those dates are pertinent in the determination as

to whether Petitioner's proposed new claim is outside the one-year period set forth in § 2255(f)(1)

and § 2255(f)(3).

### 1. Section 2255 (f)(1)

The triggering date in the first subsection of § 2255 is the date that a conviction becomes

final. 28 U.S.C. § 2255(f)(1). As observed earlier in the Opinion, Petitioner did not file a direct

appeal from his October 21, 2015, judgment of conviction. Therefore, Petitioner's conviction

became final on November 5, 2015, upon the lapse of the 14-day period in which he could have

filed a notice of appeal (October 22, 2015[4] + 14 days = November 5, 2015). *See* Fed. R. App. P.

---

[4] Rule 6(a)(1) of the Federal Rules of Civil Procedure directs that the day of the event that triggers a period
that is stated in days is excluded from the computation of that period. *See* Rule 12, Rules Governing § 2255
Proceedings (permitting application of the Federal Rules of Civil Procedure that are not inconsistent with

4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding that "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed").

This means that Petitioner had one year from November 5, 2015, i.e., until November 5, 2016, to file a timely § 2255 motion and any amendments under subsection one. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Petitioner filed his § 2255 motion on October 28, 2016, a week and a day before his statute of limitation under § 2255(f)(1) was due to expire. Petitioner's § 2255 motion was timely, but his proposed amendment, filed in March of 2017 [Doc. 5 at 7], was not timely under § 2255(f)(1).

Petitioner argues that Rule 15(c) entitles him to amend his § 2255 motion based on the decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) [*Id*. at 3]. Rule 15(c) is the provision in the Federal Rules of Civil Procedure that governs amendments; that rule allows amendments that, under certain criteria, relate back to the date of the original pleading. Fed. R. Civ. P. 15(c)(1).

The ineffective-assistance claim raised in Petitioner's timely filed § 2255 motion was that counsel failed to use the *Johnson* holding, i.e., that the ACCA's residual clause was void as vague, to launch a void-for-vagueness attack on Petitioner's career offender designation under USSG 4B1.1 [Doc. 1 at 6]. The proposed ineffective-assistance claim in Petitioner's motion to amend is that counsel failed to object to his career-offender classification because his prior Tennessee conviction for possession of .5 grams or more of cocaine for resell is not a "'controlled substance offense' within the meaning of USSG § 4B1.2(b)" [Doc. 5 at 3].

The AEDPA establishes "a tight time line, a one-year limitation period ordinarily running from 'the date on which the judgment became final by the conclusion of direct review or the

---

statutory provisions or the § 2255 Rules). Hence, the computation of Petitioner's 14-day appeal period excludes October 21, 2015 and starts on October 22, 2015.

expiration of the time for seeking such review.'" *Mayle*, 545 U.S. at 662. "Rule 15(c)(2) relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659; *see also* Advisory Committee's 1966 Notes on Fed. R. Civ. P. 15 ("Relation back is intimately connected with the policy of the statute of limitations."). "An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650; *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Any attempt to raise a new claim for relief in a Rule 15 motion to amend pleadings is subject to AEDPA's one-year statute of limitations.").

No claims similar in type to Petitioner's proposed new claim were raised in the § 2255 motion. True, the motion to vacate asserted claims of ineffective assistance of counsel. Nonetheless, the attorney misstep now alleged is not similar in type to the asserted attorney shortcomings presented in that pleading. *See United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (finding that "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision"); *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (stating that Rule 15 is not satisfied "merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance"). Because the proposed amended claim of ineffective assistance does not share "a common core of operative facts" with the claim raised initially, the newly-minted claim does not relate back to the timely claims in the motion to vacate.

Accordingly, Petitioner's motion to amend is untimely under subsection (f)(1). *United States v. Clark*, 637 F. App'x 206, 208–09 (6th Cir. 2016) (explaining that "[a] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired") (citation omitted).

### 2. Section 2255 (f)(3)

Under subsection three, a § 2255 motion is timely so long as it is filed within one year after the Supreme Court issues an opinion newly recognizing a right and holding that it applies retroactively to cases on collateral review. 28 U.S.C. § 2255(f)(3). Petitioner disavows completely his prior reliance on *Johnson* by conceding that the *Johnson* decision does not apply to his claim.

Petitioner's concession has two momentous effects. First, only his claim for collateral relief based on *Johnson* even arguably satisfies the conditions required to trigger a new statute of limitation. *See* 28 U.S.C. § 2255(f)(3) (requiring that the § 2255 motion or amendment must rest on a right both newly recognized by the Supreme Court that has been made retroactively applicable); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."). Instead, as noted earlier, Petitioner now proffers as authority for the proposed amended claim *Beckles*, and as additional authority *Molina-Martinez*, *Mathis*, and *Hinkle* [Doc. 5 at 3-5].

*Beckles* held that the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause and that "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles,* 137 S. Ct. at 895. Even if Petitioner had not conceded that *Johnson* does not apply to his claim [Doc. 5 at 3], *Beckles* would foreclose claim 3 in Petitioner's motion to vacate. More important for purposes of § 2255(f)(3), *Beckles* did not announce a new constitutional rule—it held that *Johnson*'s rule did not apply to the Guidelines.

*Molina-Martinez* ruled that a defendant who is pursuing direct appeal and whose Guideline range was calculated improperly but whose sentence fell within the correct range was not required to provide some "additional evidence" that an error in the calculation affected the sentence. 136 S. Ct. at 1345-1349. Even if that decision were relevant to Petitioner—and he has provided no developed argument to suggest that it is, he has not shown that *Molina-Martinez* recognized a new right that has been made retroactive on collateral review.

*Mathis* interpreted the statutory word "burglary" in the ACCA, but that decision did not announce a new rule of constitutional law, and it has not been made it retroactively applicable to cases on collateral review. *In re: Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017); *see also Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018). Instead, *Mathis* involved an old rule of statutory law governing the categorical approach as a method of determining whether a prior conviction fits within a given definition in the ACCA or the career offender Guideline. *Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.").

Also, *Hinkle* is not a Supreme Court case, but instead a case decided by the Fifth Circuit Court of Appeals. Consequently, *Hinkle* could not possibly have involved a newly recognized right by the Supreme Court.

The second reason that Petitioner's concession regarding the non-applicability of *Johnson* to his claim is pivotal is that, without *Johnson* to support the claim, it deconstructs. It is impossible to amend a claim that has lost its raison d'être and is now hollow. The Court thus concludes that Petitioner's motion to amend is time-barred also under the third subsection of § 2255(f)(3).

As evidenced by the above discussion, Petitioner's proposed ineffective assistance claim is untimely under both §§ 2255(f)(1) and (f)(3) and, in any event, cannot be the basis for collateral relief.

### 3.     Equitable Tolling

Section § 2255(f)'s statute of limitation is not jurisdictional and is subject to equitable tolling.  *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015); *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011).  The one-year period in § 2255(f) may be equitably tolled for an otherwise untimely motion to vacate where a petitioner shows "that he has been pursuing his rights diligently . . . [a]nd . . . that some extraordinary circumstance stood in his way and prevented timely filing."  *Jones v. United States*, 689 F.3d 621, 626–27 (6th Cir. 2012) (citation omitted).

Petitioner has not alleged, and the record does not disclose, that equitable tolling of § 2255(f)'s limitation statute is appropriate in his case.  Therefore, equitable tolling does not apply to rescue Petitioner's untimely motion to amend.

Because it would be futile to amend a § 2255 motion to include time-barred claims, the Court will DENY Petitioner's motion to amend.  *See Wren v. United States*, No. 17-2054, 2018 WL 4278569, at *3 (6th Cir. Sept. 6, 2018) (observing that futility of amendment is one factor to consider in determining whether amendment should be allowed and finding that untimely amendments would be futile).

# IV.    SECTION 2255 MOTION

Petitioner's § 2255 motion alleges four purported errors on the part of his attorney.

## A.    Standards of Review

### 1.    Standards for Motions to Vacate

The Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ."  28 U.S.C. § 2255.  When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).  "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted).  A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (applying *Brecht* to a § 2255 motion).  If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978).  In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).  Finally, an

evidentiary hearing is required if a petitioner presents factual allegations, unless those "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017)).

### 2.    Standards Governing Ineffective Assistance Claims

When a § 2255 movant claims he was denied his Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To do so, a movant must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell*, 348 F.3d 177, 201 (6th. Cir. 2003) (citing *Strickland*).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). In a guilty plea context, to establish prejudice a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding

if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

"Surmounting *Strickland*'s high bar is never an easy task and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979) (internal citation omitted)). The alleged failings of counsel will be discussed in the order in which they were raised in the § 2255 motion.

### B. The Claims

#### 1. Suppression Claim

According to Petitioner, counsel gave him ineffective assistance by failing to file a suppression motion challenging the lack of probable cause to search the house where drugs were found. The backbone of Petitioner's suppression claim is the Fourth Amendment, which provides, in relevant part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV.

As the United States correctly points out in its response, Petitioner's claim is lacking in factual development, as are his other three claims. Petitioner bears the burden of articulating sufficient facts to state a viable claim for relief under 28 U.S. C. § 2255, and he has failed in this regard. *See United States v. Santiago*, 135 F. App'x 816, 823 (6th Cir. 2005) (finding that arguments lacking supporting analysis need not be considered); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (observing that vague

and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court).

Hence, Petitioner's first claim of ineffective assistance is conclusory, as are claims 2, 3, and 4. Conclusory claims are insufficient to justify collateral relief under § 2255. *See* Rule 2(b), Rules Governing Section 2255 Proceedings (stating that a § 2255 motion "shall specify all the grounds for relief available to the moving party [and] shall state the facts supporting each ground"). But even if the claim were not conclusory, it fails on the merits.

An attorney's "failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel," but, under certain circumstances, such a failure may amount to a deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 384-85 (1986). For example, an attorney error involving a failure to contest a search constitutes a deficient performance where the counsel's "ignorance of the law" leads to a complete lack of pretrial preparation. *Id.* at 385. In such a case, counsel's error stems specifically from his failure to perform a reasonable investigation or to make a reasonable decision that an investigation into a particular issue is unnecessary. *Id.* A petitioner who presents such an attorney error can demonstrate prejudice if he "proves that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Id.* at 375.

Certain presumptions are employed in evaluating counsel's performance. First, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Petitioner also "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Petitioner "bears the burden of proving that counsel's representation was

unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman*, 477 U.S. at 381.

Petitioner has offered nothing to overcome these presumptions of reasonably effective assistance. Petitioner has not alleged any factual basis upon which his attorney could have launched a lack-of-probable-cause attack on the search warrant. Nor does the record disclose a basis for finding that the presumptions of adequate assistance should not apply in this case. Counsel's decision not to file a motion to suppress reasonably could have been a strategic decision. Therefore, the Court presumes that counsel satisfied the standards for a reasonably professional performance in this instance. Petitioner's failure to show a deficient performance alone dooms this ineffective assistance claim. *Strickland*, 466 U.S. at 700.

Moreover, Petitioner does not allege, let alone prove, prejudice in the context of this particular ineffective assistance claim, i.e., that the motion to suppress for lack of probable cause would have been successful and that it is reasonably probable that a different verdict would have been rendered absent evidence obtained during the search. The Sixth Circuit has explained that "[t]he test for probable cause is simply whether there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Shamaeizadeh*, 80 F.3d 1131, 1136 (6th Cir. 1996). "Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination." *United States v. Leon*, 468 U.S. 897, 914 (1984) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)); *see also United States v. Murphy*, 241 F.3d 447, 457 (6th Cir. 2001) ("We give great deference to the determinations of probable cause made by a magistrate judge, whose findings 'should not be set aside unless arbitrarily exercised.'" (quoting *United States v. Weaver*, 99 F.3d 1372, 1376 (6th Cir.1996)).

Again, Petitioner stipulated to engaging in three distinct, controlled, crack cocaine transactions, each of which was recorded by the confidential source who participated in the encounters. "[P]robable cause is a fluid concept" and can be satisfied by "facts obtained through independent investigation" of a petitioner. *Illinois v. Gates*, 462 U.S. 213, 232, 243 (1983). Thus, the evidence of the recorded transactions alone, along with supporting affidavit testimony of the investigators, could have furnished probable cause for issuance of the search warrant.

Similarly, the record suggests that a motion to suppress the evidence collected during the search would not have succeeded. Petitioner stipulated that a search warrant for 3413 Stafford Street in Kingsport was obtained by agents of the Kingsport Police Department[5] [Doc. 10 ¶ 4, Case No. 2:15-CR-25]. A requirement for search warrants is "that they be issued only by 'neutral and detached' magistrates 'capable of determining whether probable cause exists for the requested arrest or search.'" *United States v. Beals*, 698 F.3d 248, 264 (6th Cir. 2012) (quoting *Shadwick v. City of Tampa*, 407 U.S. 345, 350 (1972)); *see also* Tenn. R. Crim. P. 41(a)(1), (c)(1), and (c)(3). As noted, a magistrate's determination of probable cause is entitled to "great deference," absent evidence that that the search warrant based on that determination was arbitrarily authorized. *Murphy*, 241 F.3d at 457.

Even absent a copy of the warrant, the Court can infer, from the mere fact that a search warrant was obtained, that it was issued by a magistrate who determined that probable cause existed for the search. This Court must give "great deference" to a magistrate's determination of probable cause, absent evidence that that the search warrant based on those findings was arbitrarily authorized. No such proof has been presented and none is evident in the record. The Court, affording great deference to the magistrate's determination of probable cause, now finds that any motion to suppress would have failed. It has been held that "[t]rial counsel's failure to bring a

---

[5] Petitioner has not furnished the Court with a copy of the search warrant. *See* Tenn. R. Crim. P. 41(d) (directing that a copy of a search warrant "shall be left with the person . . . on whom the search warrant is served").

meritless suppression motion cannot constitute ineffective assistance." *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (quoting *United States v. Tisdale*, 195 F.3d 70, 73–74 (2d Cir. 1999)).

Accordingly, Petitioner's first claim of ineffective assistance warrants no relief because it is conclusory and because he has not demonstrated either deficient performance or prejudice from counsel's failure to file a motion to suppress.

### 2. Unreliable Drug Amount

Petitioner's second claim is that counsel failed to object to the quantity of drugs for which he was held accountable because there were not sufficient indicia of reliability to increase the amount of drugs used to calculate his sentence. Although this claim is difficult to decipher, the Court understands that Petitioner is alleging that the determination of the quantity of drugs for which he was held accountable was not based on evidence that carried "sufficient indicia of reliability to support its probable accuracy." *United States v. Milledge*, 109 F.3d 312, 316 (6th Cir. 1997). The quantity of drugs is significant because that number is generally used to calculate a defendant's offense level, which plays a crucial role in determining the Guidelines Sentencing range.

Even so, Petitioner's claim, as interpreted by the Court, is a non-starter. In making out this claim, Petitioner fails to acknowledge that the evidentiary basis for the quantity of drugs for which he was held responsible was his own admission that his offense involved "at least 112 grams but less than 196 grams of cocaine base (crack)" [Doc. 10 ¶ 4]. Any objection as to the stipulated quantity of drugs would have been without merit.

An attorney's failure to object to a quantity of drugs to which a defendant has stipulated does not fall outside "the wide range of professionally competent assistance" which the Sixth Amendment requires. *Strickland*, 466 U.S. at 690. Additionally, no prejudice ensues from an attorney's failure to raise a meritless claim. *See Greer v. Mitchell*, 264 F.3d 663, 676 (2001); *Krist v. Foltz*, 804 F.2d 944,

946–47 (6th Cir. 1986). Petitioner's failure to show a deficient, prejudicial performance dooms this claim of ineffective assistance.

### 3. Vague Career Offender Guideline

Petitioner maintains that counsel failed to research the rule in *Johnson v United States*, 135 S. Ct. 2551 (2015), which held that the ACCA residual clause was vague, and to use the *Johnson* rule to challenge USSG 4B1.1, the Guideline that was applied to designate him a career offender, on grounds that it too was vague.

As noted previously in this Opinion, Petitioner has acknowledged that the *Johnson* rule cannot be applied to find the Sentencing Guidelines vague. This means that, by Petitioner's own admission, this claim has no merit. Furthermore, *Beckles* foreclosed the extension of the *Johnson* rule to Sentencing Guidelines.

Counsel does not render a deficient performance by failing to raise or argue a meritless claim. *See Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003) (counsel "is not required by the constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation"). Furthermore, "[b]ecause the Supreme Court has foreclosed the argument that [Petitioner] alleges his counsel was ineffective for not raising, he cannot demonstrate prejudice: '[i]t is not ineffective assistance to fail to raise erroneous claims.'" *United States v. Pierce*, 403 F. App'x 988, 989 (6th Cir. 2010).

### 4. Plea Agreement Provisions

Petitioner asserts that counsel failed to explain the provisions in the plea detailing his rights. Petitioner does not identify the rights in the plea agreement that counsel failed to elucidate. Even so, the Court charitably can interpret this pro se Petitioner's claim as an assertion that counsel failed to enlighten him as to the constitutional and statutory rights he was waiving by entering into the plea agreement.

The minutes of Petitioner's plea change hearing reflect that the Court specifically advised him of his rights, as set forth in Rule 11 of the Federal Rules of Criminal Procedure. More specifically, before the Court accepts a plea of guilty, it invariably advises a defendant of his right to plead not guilty, or having already so pleaded, to persist in that plea; of his right to a jury trial; of his right to be represented by counsel—and if necessary to have the court appoint counsel—at trial and at every other stage of the proceeding; of his right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; of the nature of each charge to which he is pleading; and of any maximum possible and mandatory minimum penalties for the offense(s) to which his plea will subject him. The Court also tells a defendant that he will waive his trial rights if his plea is accepted.

Further, the Court questions a defendant as to whether counsel has discussed the plea agreement with him, including any provisions in the agreement that waives a defendant's rights to file a direct appeal or a § 2255 motion. At each juncture of the plea colloquy, the Court pauses to ask a defendant whether he understands his rights and that he is waiving those rights. If, and only if, a defendant answers, "Yes," to that question (or answers, "No," but then retreats from that negative answer) will the proceedings continue to the completion of the guilty plea hearing.

Therefore, if there was attorney error in this instance, the Court, during the plea colloquy, cured any alleged prejudice accruing thereto by properly informing Petitioner of his rights and ascertaining that he understood his plea agreement and its provisions. *Thompson v. United States*, 728 F. App'x 527, 535 (6th Cir. 2018) ("[T]he Sixth Circuit has consistently upheld the validity of the plea-colloquy advisement of rights to preclude later claims of misunderstanding alleged to result from misleading advice); *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992 )("[I]f

the information given by the court at the Rule 11 hearing corrects or clarifies the [omission] . . . by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."); *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989) (finding that, if "counsel failed to explain adequately the nature of the plea agreement," the trial court's verification of a defendant's understanding of the matter during the plea colloquy showed that no prejudice accrued therefrom).

The Court finds that Petitioner's last claim of ineffective assistance is groundless. An attorney need not advance "meritless arguments to avoid a charge of ineffective assistance," *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998), and he does not give ineffective assistance by failing to pursue meritless claims. *United States v. Martin*, 45 F. App'x 378, 381 (6th Cir. 2002) (finding "wholly meritless" petitioner's claims with regard to plea agreements and that counsel's failure to raise such claims cannot be ineffective assistance of counsel).

## V. CONCLUSION

Based on the above law and analysis, Petitioner's motion to supplement the record [Doc. 2], his motion for leave to supplement/amend [Doc. 5], and his § 2255 motion to vacate, set aside, or correct sentence [Doc. 1] will be **DENIED**. His entire case will be **DISMISSED**.

## VI. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner whose claims have been rejected on a

procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling.  *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).  If there is a plain procedural bar and the district court is correct to invoke it to resolve the case, and a reasonable jurist could not find that either that the dismissal was error or that a petitioner should be allowed to proceed further, a COA should not issue.  *Slack*, 529 at 484.

Having examined Petitioner's claims under the *Slack* standard, the Court concludes that reasonable jurists could not find that its rulings on those claims were debatable or wrong.  Because reasonable jurists could not disagree with the Court's denial of the § 2255 motion and could not conclude that issues offered in the motion are "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will **DENY** issuance of a certificate of appealability.  Fed. R. App. P. 22(b).  The Court will **CERTIFY** that any appeal from this action would not be taken in good faith, Fed. R. App. P. 24(a), and consequently will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

Finally, the Clerk will be **DIRECTED** to close the civil case, Case No. 2:16-CV-335.


**IT IS SO ORDERED.**

ENTER:


_____
     s/ Leon Jordan
United States District Judge